GOSSERAND v. CITY OF GRETNA

(January 2, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 583.**
No appeal lies from an interlocutory judgment which can not cause irreparable injury.

Petition for Writ of Mandamus directed to Hon. Robert L. Rivarde, Judge, Twenty-fourth Judicial District Court, Parish of Jefferson.

Action by Louis H. Gosserand against the City of Gretna.

Former writs heretofore issued recalled.

John E. Fleury & Andrew H. Thalheim, of New Orleans, attorneys for relator.

L. H. Gosserand, of New Orleans, attorney for respondent.

OPINION.

WESTERFIELD, J. This is an application for mandamus and prohibition by the Jefferson Parish School Board, relator, for the purpose of compelling Hon. Robert L. Rivarde, Judge of the Twenty-fourth Judicial District Court, Parish of Jefferson, to grant an apeal from the following judgment:

"The rule herein filed on July 7th, 1927, ordering the Jefferson Parish School Board to show cause why the sum of seven hundred and sixty-six dollars and ninety-seven cents ($766.97) seized and sequestered in the above suit by the Sheriff of the Parish of Jefferson and which sum was left in the registry of the Jefferson Parish School Board as keeper and stakeholder, should not be returned to and placed in the hands of the Sheriff of the Parish of Jefferson, having been taken up, and tried and submitted.

"It is ordered, adjudged and decreed that the said rule be and the same is hereby made absolute and accordingly:

"It is further ordered, adjudged and decreed that the said Jefferson Parish School Board turn over and deliver unto the Sheriff of the Parish of Jefferson, the said sum of seven hundred and sixty-six dollars and ninety-seven cents ($766.97), forthwith; the said sum of ($766.97) to remain in the hands of the Sheriff of the Parish of Jefferson, until the further orders of this Court.

"Rendered, read and signed this 14th 14th day of November, 1927.

"(Signed) L. Robert Rivarde, Judge."

The respondent Judge justifies his refusal to allow the appeal upon the ground that his judgment is interlocutory, and works no irreparable injury, and we are of the same opinion.

The judgment requires the relator to deposit with the Sheriff a sum of money held by its as stakeholder. The money is simply transferred from one depository to another. We fail to see how irreparable injury can result from the execution of this judgment which is obviously interlocutory. The money is not finally disposed of, but simply removed to the custody of the Sheriff.

The alternative writs of mandamus and prohibition heretofore issued are recalled at relator's cost.